UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAJUANA C. ISAAC,

    Plaintiff,

v

MICHIGAN, STATE OF, et al.,

    Defendants.
_____/

Case No. 1:14-cv-698

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff Lajuana C. Isaac, D.D.S., proceeding *pro se*, initiated this action against Defendants state of Michigan, Michigan Department of Licensing and Regulatory Affairs, Michigan Bureau of Health Care Services, Michigan Department of Community Health, and Michigan Administrative Hearing System. Plaintiff alleges multiple claims, including that Defendants failed to post the dismissal of a conviction for Medicaid Fraud against Plaintiff on the Internet; that Plaintiff was hypnotized and injected in the scalp, right shoulder, and right forearm in her sleep, presumably by an agent of the state; that the state of Michigan sent "decoys" to her office and church, and that Plaintiff has observed a "'gross increase in the light illumination and intensity of her dental light units in her former and current dental office'" (Dkt 9 at 3).

The Magistrate Judge performed an initial screening of the matter pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation, recommending that this Court dismiss this matter for failure to state any claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6) (Dkt 9). The matter is presently before the Court on Plaintiff's "Motion that Plaintiff More Specifically State Claim," docketed as an Objection to the Report and Recommendation (Dkt 11).

In conjunction with her motion/objection, Plaintiff filed a Motion for Extension of Time to more specifically state her claim (Dkt 12), as well as a Motion for Judicial Notice of Adjudicative and Constitutional Fact (Dkt 13). Several months later, Plaintiff has also filed a 254-page "amended complaint" (Dkt 14). Construing the various motions/filings together, the Court will consider the amended complaint as a proposed amended complaint, which, having been filed, renders moot her motion for an extension of time to more specifically state her claim.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies Plaintiff's pending motions, and issues this Opinion and Order.

Plaintiff's objection does not dispute nor identify any reason to reject the Magistrate Judge's Report and Recommendation. Rather, by styling her objection as a motion to more specifically state claim, Plaintiff appears to acknowledge that her complaint fails to meet the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In substance, Plaintiff's objection asks this Court to order her to state a claim upon which relief may be granted by drawing authority from FED. R. CIV. P. 12(e). However, Plaintiff's reliance on this rule is misplaced. Under FED. R. CIV. P 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Plaintiff is not the party who must file a responsive pleading to her own complaint; thus, her motion under Rule 12(e) is procedurally improper. The Court further observes that Plaintiff's motion supports, rather than undermines, the Magistrate Judge's recommendation to dismiss Plaintiff's complaint for failure to state a claim on which relief

2

may be granted. Thus, to the extent Plaintiff's motion objects to the dismissal of her original complaint, it is denied for lack of merit.

The Court otherwise considers Plaintiff's motion to more specifically state her claim as a motion to amend her complaint, in conjunction with the "proposed" amended complaint. Having reviewed the proposed amended complaint, the Court denies the amendment on the ground that such would be futile. Plaintiff's proposed amended complaint, like her initial complaint, consists of unsupported legal conclusions and implausible allegations. For example, Plaintiff alleges that former Governor Jennifer Granholm conspired with law enforcement officials "to entrap, impregnate and to administer drugs to terminate two pregnancies, causing severe abdominal pain and suffering and coerce Plaintiff to accept a plea bargain" (Dkt 14 at p. ID# 425). Plaintiff alleges that her "dental equipment was rewired, a dental chair blew up with flames and smoke, with a child in the chair" (*id.*). Plaintiff further alleges that Defendants tampered with the lighting and computer equipment in her office (*id.* at p. ID# 425-26). Because the allegations and conclusions in Plaintiff's proposed amended complaint fail to state a claim on which relief may be granted, the Court hereby denies Plaintiff's motion to amend her complaint. *See Iqbal*, 556 U.S. at 677-79; *Twombly*, 550 U.S. at 555; *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009) (recognizing that *Iqbal* and *Twombley* are "designed to also screen out cases that, while not utterly impossible, are 'implausible'"). Plaintiff's request to proceed based on the proposed amended complaint is denied.

Having determined that Plaintiff's complaint is properly dismissed for failure to state a claim, the Court denies Plaintiff's remaining pending motion for judicial notice, as moot. Taking judicial notice of paragraphs 7 and 8 of the original complaint would not change the analysis or outcome of this case. This request is therefore moot.

As the Court's decision terminates this action, the Court will also enter a corresponding Judgment. *See* FED. R. CIV. P. 58. For the above reasons and because Plaintiff is proceeding in forma pauperis, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objection/Motion that Plaintiff More Specifically State Claim (Dkt 11) is DENIED and the Report and Recommendation (Dkt 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Extension of Time (Dkt 12) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Notice of Adjudicative and Constitutional Fact (Dkt13) is DENIED as moot.

**IT IS FURTHER ORDERED** that the proposed summons (Dkt 15) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: February 18, 2015        /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge